UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| Alyzza M. Millanes,<br><br>　　　Plaintiff,<br>v.<br><br>Professional Choice Recovery, Inc.<br><br>　　　Defendant. | Case No.: 8:22-cv-442<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.*, by Defendant and their collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §1331, and 28 U.S.C. § 1367 for any supplemental state law claims.

4. Venue is proper because the acts and transactions occurred here, Plaintiff resides in Nebraska, and Defendant transacts business here.

5. Defendant has transacted business within the State of Nebraska by attempting to collect a debt from Plaintiff through the use of the United States Postal Service as well as by suing the Plaintiff in Nebraska civil court, while Plaintiff was located within and permanently residing within the State of Nebraska.

6. Defendant has transacted business within the State of Nebraska by operating a debt collection business and/or directing debt collection activities in Nebraska.

## PARTIES

7. Plaintiff Alyzza M. Millanes (hereinafter "Plaintiff") is a natural person who resides in the County of Lancaster, State of Nebraska, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff has suffered an injury in fact that is fairly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

9. Defendant Professional Choice Recovery, Inc. (hereinafter "Defendant") is a corporation engaged in the business of collecting those debts due or alleged to be due to others, with its principal place of business located in Lincoln, Nebraska. Defendant is a "debt collector" as that term is contemplated in 15 U.S.C. §1692a(6).

10. According to public records, Defendant has been in business in Nebraska since

January 14, 1999 and is a licensed Debt Collection Agency.

## FACTUAL ALLEGATIONS

11. Within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), by attempting to collect this debt from Plaintiff in the State of Nebraska.

12. Sometime in or around 2016 and 2017, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, student loans in the approximate amount of $6,000.00 that was for Plaintiff's personal, family and household purposes ("debt").

13. Sometime thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

### *Defendant's Illegal Addition of Fees and/or Inflating the Amount Owed*

14. As part of its collection efforts, Defendant mailed a collection letter to the Plaintiff dated December 21, 2021. This collection letter from the Defendant states that the "TOTAL AMOUNT DUE" was $7,927.66.

15. Sometime later, Defendant mailed a collection letter to the Plaintiff dated January 17, 2022. This collection letter from the Defendant states that the "TOTAL AMOUNT DUE" was $7,812.28.

16. On or about January 18, 2022, Plaintiff authorized a payment to Defendant of $150.00. This was the only payment she sent Defendant after receiving the

letters described in paragraphs 15 and 16. Since Plaintiff authorized the payment after the January 17, 2022 letter was printed, it is apparent that the amount demanded in this second letter was not affected by her payment.

17. Defendant filed a lawsuit against Plaintiff for the collection of the alleged debt on or about February 23, 2022 in the County Court of Lancaster County, Nebraska. The lawsuit was captioned "Professional Choice Recovery, Inc., A Nebraska Corporation vs. Alyzza M Millanes" with a case number of CI 22 1666 ("the lawsuit").

18. The lawsuit alleged that Plaintiff owed Defendant, as the assignee of the original creditor, $7,099.83.

19. Sometime later, Defendant mailed a collection letter dated March 31, 2022, to Plaintiff. This collection letter from the Defendant stated that the "TOTAL AMOUNT DUE" was $7,205.65.

20. Itemized in the March 31, 2022 letter as an amount due from the Plaintiff is the following:

    | ACCT # | CLIENT | AMOUNT | INT | FEES | TOTAL |
    |---|---|---|---|---|---|
    | 1497811 | PCRI-COURT COSTS | 69.50 | | | 69.50 |

21. Defendant's March 31, 2022 letter demanded that Plaintiff pay Defendant their court costs, prior to a judgment against Plaintiff.

22. As of December 21, 2022, the Defendant has not obtained a judgment against Plaintiff in the aforementioned lawsuit filed in the County Court of Lancaster County, Nebraska.

23. Plaintiff is not liable to Defendant for court costs demanded in the March 31, 2022 collection letter prior to a judgment in favor of the Defendant.

24. Based on the Complaint filed by Defendant, Defendant illegally inflated the amount it was owed by at least $827.83 with its collection letter dated December 21, 2022.

25. Defendant then revised its attempt to collect more than it was entitled to by inflating how much it was owed by at least $712.45 in its collection letter to Plaintiff dated January 17, 2022.

26. Finally, after suing Plaintiff for $7,099.83 on February 23, 2022, Defendant sent a collection letter on March 31, 2022 stating that Plaintiff owed it "COURT COSTS" of $69.50 which it was not entitled to.

27. None of the additional amounts listed in paragraphs 24, 25 or 26, were permitted by the agreement underlying the debt or otherwise permitted by law.

28. The collection letters mailed by Defendant to Plaintiff repeatedly and falsely represented to the Plaintiff that she was obligated to pay more than what she actually owed.

29. No Court had awarded Defendant fees or costs of any kind and the matter had not been adjudicated by any Court.

30. As a licensed debt collection agency, Defendant knew or should have known that it had no right to add impermissible collection fees under the FDCPA or the NCPA or fees that were not provided under the contract or otherwise permitted by law. See Kojetin v. C U Recovery, Inc., 212 F.3d 1318 (8th Cir. 2000).

31. The incidental or additional amounts which Defendant demanded from Plaintiff were not permitted by law and therefore were illegal add-on fees prohibited under the FDCPA and the NCPA.

32. The above-described communications and conduct from Defendant to Plaintiff represent numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Summary*

33. The above-described collection conduct by the Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair, and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA and the NCPA.

34. These collection actions taken by the Defendant, and the collection employees employed by the Defendant, were made in violation of multiple provisions of the FDCPA and/or NCPA, including but not limited to all of the provisions of those laws cited herein.

35. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

36. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA and/or NCPA provides Plaintiff with the legally protected right to be treated fairly and

truthfully with respect to any action for the collection of any consumer debt and to not be subject to unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

37. Defendant's deceptive, misleading, and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

### *Respondeat Superior Liability*

38. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, the Defendant.

39. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by the Defendant in collecting consumer debts.

40. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principals, Defendants.

41. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not

limited to violations of the state and federal law in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

45. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from Defendant herein.

### COUNT II.

### VIOLATIONS OF THE NEBRASKA CONSUMER PROTECTION ACT

### NEB. REV. STAT. § 59-1609 *et seq.*

46. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

48. Sending successive collection letters with varying amounts owed, including after a lawsuit has been filed against the consumer, constitutes unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602.

49. That the actions of the Defendants described above violate the NCPA.

50. That this claim is in the public interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant as follows:

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

- for an award of actual damages and statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;
- for all actual compensatory damages suffered;
- for all other recoveries and fees otherwise permitted by these claims and by law;
- for attorney's fees and costs of suit as provided by state and federal law;
- for both pre- and post-judgment interest at the maximum allowable rate on any

amounts awarded;

- and for such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF THE NEBRASKA CONSUMER PROTECTION ACT

- for an award of damages pursuant to Neb. Rev. Stat. § 59-1609;

- costs and reasonable attorney's fees pursuant to Neb. Rev. Stat. § 59-1609, and;

- such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

Respectfully submitted,

Dated: December 21, 2022

By: s/ Burke Smith
Burke Smith, #19883
PO Box 757, PMB 90547
Omaha NE 68101-0757
(402) 718-8865 (Tel)
(402) 218-4391 (Fax)
noticesFED@BSL42.com

***Attorney for Plaintiff***

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEBRASKA )
) ss
COUNTY OF LANCASTER )

Pursuant to 28 U.S.C. § 1746, Plaintiff Alyzza M. Millanes verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date  12/21/2022   Signature  /s/ Alyzza M. Millanes